**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Phone 503-847-4329

**Tim Nay, OSB No. 843123**
tim@naylaw.com
Phone 503-245-0894

(additional attorneys on signature page)

Of Attorneys for Mr. Griffith

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DONALD GRIFFITH**, individually and on behalf of all others, | Case No. 3:18-cv-1882 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | Financial Abuse of a Vulnerable Person |
| **PEACEHEALTH**, | Demand for Jury Trial |
| Defendant. | |

**CLASS ACTION COMPLAINT** – Page 1 of 17

1.

## ABOUT THIS CLASS ACTION

In order to increase profits, PeaceHealth secretly overbills Oregon Medicare patients after car accident settlements, in direct violation of the federal Medicare rules. On November 30, 2015, Mr. Griffith was injured in a car accident. On October 18, 2017, PeaceHealth overbilled Mr. Griffith $14,574 after he settled his car accident claim. On March 7, 2018, Mr. Griffith disputed that PeaceHealth was entitled to the funds, and provided legal authority as to why it was not entitled to those funds. PeaceHealth, however, refused to correct its billings, and continued to maintain that Mr. Griffith owed $14,574. On April 23, 2018, Mr. Griffith paid the bill under protest. PeaceHealth wrongfully took money from Mr. Griffith, leaving him no choice but to file this case. Mr. Griffith decided to file his case as a class action to stop PeaceHealth's overbilling practices once and for all, and to take back the millions of dollars PeaceHealth has wrongfully collected from injured Oregon Medicare patients over the past seven years.

2.

Oregon Medicare patients who have settled an injury claim in the past seven years can visit www.MedicareClassAction.com to learn more about their legal options at no cost.

3.

## SPECIAL RULES FOR OREGON

Except in Oregon liability cases, federal regulations allow Medicare providers like PeaceHealth to elect not to bill Medicare for a patient's injury-related pre-settlement Medicare covered services. Instead, Medicare providers may elect to directly bill the liability injury settlement.

4.

Oregon is the only state that is different. In liability cases, 42 C.F.R. § 411.54(d)(2), "Special Rules for Oregon" allow Oregon Medicare providers to bill an injury settlement only under limited circumstances.

5.

Based upon *Oregon Ass'n of Hospitals v. Bowen,* 708 F. Supp. 1135 (D. Or. 1989), Oregon Medicare providers may elect to bill a liability insurer or place a lien against the liability settlement only if the liability insurer pays within 120 days after the earlier of (A) the date of filing a claim with the insurer or placing a lien against the liability settlement, or (B) the date the services were provided or the date of inpatient discharge. The term "overbill" refers to PeaceHealth's ongoing practice of billing liability settlements for covered services provided to Oregon Medicare beneficiaries after an injury, in violation of 42 C.F.R. § 411.54(d)(2).

6.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $5 million including compensation and penalties.

7.

Plaintiff Donald Griffith is a citizen of the state of Oregon. Mr. Griffith is a disabled Oregon Medicare patient and a "vulnerable person" as defined under Oregon's Elderly Persons and Persons with Disabilities Abuse Prevention Act.

8.

Defendant PeaceHealth is a citizen of the state of Washington. PeaceHealth is a billion-dollar legal entity and a "provider" as defined under 42 C.F.R. § 420.301, and a person subject to an action under ORS 124 *et seq*.

9.

## FACTUAL ALLEGATIONS

Mr. Griffith suffered bodily injuries in a motor vehicle accident on November 30, 2015 near Eugene, Oregon. At the time he was, and continues to remain, a Medicare beneficiary. Mr. Griffith received Medicare covered injury related medical services from PeaceHealth between November 30, 2015 and July 6, 2016 at Sacred Heart Medical Center, Eugene, Oregon. PeaceHealth elected not to bill Medicare for Mr. Griffith's injury related medical care, knowing of his Medicare eligibility status and a possible bodily injury claim. As a Medicare eligible, liability claimant whose release and settlement agreement waived further payment of past or future injury medicals, Medicare Secondary Payer (MSP) compliance by all parties is mandated by 42 U.S.C. § 1395y(b)(2).

10.

As a Medicare eligible, liability claimant whose release and settlement agreement waived further payment of past or future injury medicals, Medicare Secondary Payer (MSP) compliance by all parties is mandated by 42 U.S.C. § 1395y(b)(2).

11.

As a Medicare provider, PeaceHealth must follow MSP compliance authority. 42 U.S.C. § 1395y(b)(2)(B)(ii) requires the Centers for Medicare and Medicaid Services (CMS) to recover all pre-settlement injury related "conditional payments" made by Medicare upon settlement of Worker's Compensation and liability bodily injury cases. Failure to repay CMS may result in double damages against any party who receives remuneration from a settlement.

12.

As required by CMS, Mr. Griffith's injury case was initially reported to CMS by his counsel on August 4, 2017. Mr. Griffith's injury action against a third party was settled by counsel on September 14, 2017. As required by CMS, counsel submitted a "Final Settlement Detail Document" to CMS on October 20, 2017 regarding Mr. Griffith's liability coverage. On November 1, 2017, CMS responded that Medicare had made no conditional payments. United Services Automobile Association (USAA), the tortfeasor's liability insurer, issued a check dated February 8, 2018 in the amount of $98,691. The check was deposited into counsel's client trust account on February 14, 2018. On October 18, 2017, PeaceHealth demanded payment of $14,574.83 from Mr. Griffith's settlement for Medicare covered injury related medical services provided no later than July 6, 2016.

13.

42 CFR 411.54(2)(i) permits an Oregon Medicare provider, PeaceHealth, to bill a liability insurer or place a lien against the beneficiary's liability settlement only if the liability insurer pays within 120 days after the earlier of (A) the date of filing a claim with the insurer or placing a lien against the liability settlement, or (B) the date the services were provided or the date of inpatient discharge.

14.

PeaceHealth did not file a claim with USAA at any time.

15.

PeaceHealth did not file a lien against Mr. Griffith's settlement at any time.

16.

USAA did not pay Mr. Griffith's injury claim within 120 days of July 6, 2016, the last date PeaceHealth provided injury related Medicare covered services. As a result, 42 C.F.R. § 411.54(2)(A) mandates PeaceHealth to withdraw its lien against Mr. Griffith's liability settlement. PeaceHealth refused counsel's demand to withdraw its demand for payment. 42 C.F.R. § 411.54(2)(B) requires PeaceHealth to only bill Medicare for Mr. Griffith's injury related Medicare covered services.

17.

PeaceHealth refused counsel's demand to bill Medicare for Mr. Griffith's injury related Medicare covered services. 42 C.F.R. § 411.54(2)(C) limits PeaceHealth's recovery only to applicable Medicare deductible and co-insurance amounts.

18.

PeaceHealth demanded full payment of Mr. Griffith's injury related Medicare covered services. On April 23, 2018, counsel submitted payment of $14,574.83 to PeaceHealth. The Oregon case law referenced in the applicable regulations was not overturned on appeal or by a statutory clarification.

19.

42 C.F.R. § 411.54(2) as amended, is clarified by the U.S. Department of Health and Human Services in 42 FR 143, 43940-43942, (July 2003) and further codified by 42 C.F.R. § 489.20(j) and the Medicare Secondary Payer Manual, Chapter 2, §40.2 B. PeaceHealth's recovery from Mr. Griffith's injury settlement violates 42 C.F.R. § 411.54(2), 42 C.F.R. § 489.20(j) and the Medicare Secondary Payer Manual § 40.2 B.

20.

## CLASS ACTION ALLEGATIONS

This complaint's allegations are based on personal knowledge as to Mr. Griffith's behavior and made on information and belief as to the behavior of others. Under FRCP 23, Mr. Griffith brings this action on behalf of himself and all other similarly situated individual Oregon Medicare patients. The class is initially defined as:

a) individual Medicare patients,

b) who entered an agreement with PeaceHealth,

c) for services in Oregon,

d) who in the seven years prior to the filing of this complaint, PeaceHealth then overbilled by collecting money from the patient's liability settlement in excess of the amount allowed by 42 C.F.R. § 411.54(d)(2).

21.

A class action is proper under FRCP 23(a) because based on Oregon Medicare patient enrollment statistics and court records, the class consists of hundreds of individuals, and joinder of all members is impracticable. Each class member is easily identifiable based on PeaceHealth's own records. Excluded from the class are all attorneys for the class, officers and directors of PeaceHealth, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

22.

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class members, which predominate over any questions relating to individual class members, including but not limited to:

a) Whether PeaceHealth's behavior as alleged in this complaint violated 42 C.F.R. § 411.54(d)(2),

b) Whether PeaceHealth's behavior as alleged in this complaint constituted unjust enrichment,

c) Whether PeaceHealth's behavior as alleged in this complaint constituted a violation of ORS 124.100 by financially abusing vulnerable people.

23.

Mr. Griffith's claims are typical of the claims of the class members, as they are based on the same factual circumstances, common collection scheme, and legal theories. Mr. Griffith has no interests adverse to the class members.

24.

Mr. Griffith will fairly and adequately represent and protect the interests of the members of the class. Mr. Griffith has retained nationally known and locally respected counsel experienced in class action consumer litigation and federal Medicare rules to further ensure such representation and protection of the class. Mr. Griffith and his counsel intend to prosecute this action vigorously and have the resources necessary to successfully try this case to judgment.

25.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent class-wide adjudication, members of the class are without effective recourse. Absent class treatment, PeaceHealth's alleged wrongdoing would go unabated, and no class member would be afforded the opportunity to seek judicial relief, whether for themselves or for the public good generally.

26.

A class action is appropriate under FRCP 23(b)(3) because the questions of law and fact regarding the nature and legality of PeaceHealth's practices as alleged in this complaint predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a) The prosecution of separate actions creates a risk of inconsistent or varying rulings,

b) The common questions of law and fact described above predominate over questions affecting only individual members,

c) Individual class members would have little interest in controlling the prosecution of separate actions because the amount of each individual claim is relatively small compared to the complexities of the issues and the expenses of litigation,

d) This is a desirable forum because this Court has significant experience managing class actions,

e) A class action will be an efficient method of adjudicating the claims of the class members.

27.

# CLAIMS FOR RELIEF

## – Claim 1 for the Putative Class –

### Breach of Contract and Breach of Duty of Good Faith and Fair Dealings

As alleged in this complaint, PeaceHealth's agreement with Mr. Griffith and the putative class members to provide services in exchange for payment did not permit PeaceHealth to collect amounts prohibited by federal Medicare rules, and contained an implied duty of good faith and fair dealings. Mr. Griffith and the putative class members performed their obligations in full, then PeaceHealth materially breached its agreement by wrongfully and unfairly collecting an amount from Mr. Griffith and the putative class members in violation of 42 C.F.R. § 411.54(d)(2), causing them economic losses. As a result, Mr. Griffith and the putative class members are entitled to fair compensation for their losses in amounts to be determined at trial, and reimbursed fees and costs.

28.

### – Claim 2 for the Putative Class –

### Unjust Enrichment

As alleged in this complaint, PeaceHealth violated federal Medicare rules in a common scheme to unlawfully profit from the injury settlements of its Oregon Medicare patients. As a matter of justice and equity, PeaceHealth should not be able to retain the excessive amounts it wrongfully collected from Mr. Griffith and the putative class. Mr. Griffith and the putative class members are entitled to restitution based on PeaceHealth's unjust enrichment as alleged in this complaint.

29.

– Claim 3 for the Putative Class –

**ORS 124.100**

As alleged in this complaint, PeaceHealth violated Oregon's Elderly Persons and Persons with Disabilities Abuse Prevention Act by wrongfully taking money of vulnerable people in violation of the federal Medicare rules, causing financial losses. As a result, under ORS 124.100, Mr. Griffith and the putative Vulnerable Person subclass members are entitled to fair compensation in an amount equal to three times their economic losses or $500 statutory damages per individual, whichever is greater, and reimbursed fees and costs.

30.

Mr. Griffith reserves the right and may intend to seek amendment of this complaint to add additional defendants and additional claims as information is learned throughout the case, including claims for punitive damages.

31.

Demand for jury trial.

32.

## PRAYER FOR RELIEF

Mr. Griffith seeks relief as follows:

**A.** An order that this case may proceed as a class action and an order that PeaceHealth violated the federal Medicare rules,

**B.** An order and judgment in favor of Mr. Griffith and the class against PeaceHealth for fair compensation, maximum statutory damages and penalties, and reimbursed fees and costs,

**C.** An order and judgment in favor of Mr. Griffith and the class against PeaceHealth for maximum pre-judgment and post-judgment interest, and

**D.** For any other relief this Court may determine is fair and proper.

October 26, 2018

                **RESPECTFULLY FILED,**

                s/ Michael Fuller
                **Michael Fuller, OSB No. 09357**
                Lead Trial Attorney for Mr. Griffith
                OlsenDaines
                US Bancorp Tower
                111 SW 5th Ave., Suite 3150
                Portland, Oregon 97204
                michael@underdoglawyer.com
                Direct 503-743-7000

(additional attorneys on next page)

**Neal Peton, OSB No. 074912**
npeton@olsendaines.com
Phone 503-362-9393

**Rex Daines, OSB No. 952442**
rdaines@olsendaines.com
Phone 541-330-5044

**Shannon Conley, OSB No. 133327**
shannon@naylaw.com
Phone 503-245-0894

PROOF OF MAILING

I declare and certify that on the date below I caused a copy of this complaint to be mailed to the following:

    **Ellen Rosenblum**
    **Oregon Attorney General**
    **Oregon Department of Justice**
    **1162 Court Street NE**
    **Salem, Oregon 97301-4096**

October 26, 2018

    s/ Michael Fuller
    **Michael Fuller, OSB No. 09357**
    Lead Trial Attorney for Mr. Griffith
    OlsenDaines
    US Bancorp Tower
    111 SW 5th Ave., Suite 3150
    Portland, Oregon 97204
    michael@underdoglawyer.com
    Direct 503-743-7000